536 P.2d 755

**Howard H. SMITH, Claimant-Appellant,**

**v.**

**JOHNSON'S MILL, Employer, and Department of Employment, Defendants-Respondents.**

**No. 11770.**

Supreme Court of Idaho.

June 13, 1975.

———◆———

Howard H. Smith, pro se.

Wayne L. Kidwell, Atty. Gen., R. LaVar Marsh, Asst. Atty. Gen., Boise, for defendants-respondents.

BAKES, Justice.

The claimant appellant Howard H. Smith has appealed from a denial of his claim for unemployment benefits. Smith had been employed by Johnson's Mill, an Elk City business, from April of 1971 to November of 1973. During this same period Smith had been making improvements to his home and surrounding property and had needed building supplies to make those improvements. Smith and his employer Floyd Johnson had an informal agreement, never reduced to writing, which allowed Smith to take lumber supplies as he needed them and keep his own records thereof for later settling of the account. Before Smith had begun working for Floyd Johnson in 1971, he had made an advance payment for lumber supplies, but had not taken all of the lumber supplies he had paid for before he began working. He continued taking lumber supplies after he began working, keeping his own records of the amounts. In November of 1973 Johnson's

Mill withheld an amount from his wages representing what the lumber company believed to be the value of the supplies Smith had received and not yet paid for. While the record is not entirely clear as to the amount withheld or the amount owed, the record does indicate that the amount withheld was in excess of $100 more than Smith owed for the supplies received and not yet paid for. Because of this Smith quit and filed his claim for unemployment benefits.

Smith's claim for unemployment benefits was denied by the Department of Employment claims examiner on the ground that Smith had left work without good cause. Smith requested a redetermination and the redetermination examiner reached the same conclusion. Smith appealed to a Department of Employment appeals examiner who also denied his claim for the same reason, and then to the Industrial Commission which upheld the decision of the Department of Employment claims examiner. From the Industrial Commission, Smith appealed to this Court. We reverse.

I.C. § 72–1366 defines the conditions of eligibility for unemployment compensation claimants. That section provides:

"72–1366. *Personal Eligibility Conditions.*—The personal eligibility conditions of a benefit claimant are that—

. . . . . .

"(f) His unemployment is not due to the fact that he left his employment voluntarily without good cause, . . ."

■ We must decide if under these circumstances Smith had good cause to leave his job. At the hearing before the Industrial Commission, Earl Johnson, a supervisory employee for his father, Floyd Johnson, the owner of the mill, acknowledged that Smith's wages had been improperly withheld. The wages were withheld in violation of the provisions of the Idaho Code which provides:

"45–611. *Withholding of wages.*—No employer may withhold or divert any portion of an employee's wages unless:

"1. The employer is required or empowered to do so by state or federal law, or

"2. The employer has a written authorization by the employee for deductions for a lawful purpose."

Smith had never given the lumber company written authorization to withhold amounts from his wages representing the value of the building materials he had received; therefore, his wages had been withheld in violation of his statutory rights.

■ There are two factors in this case which convince us that Smith had good cause for leaving his employment: the magnitude of the amount withheld and the fact that Smith's attempts to settle the matter with his employer were rebuffed. If an employer in one paycheck withheld $1.00 from an employee without the employee's authorization, this would not invariably constitute good cause for the employee to leave his employment and seek unemployment compensation. However, in this case the amount withheld from one paycheck was in excess of $100.00, and thus the magnitude of the wages withheld was not trivial.

Further, Smith made three attempts to obtain an explanation concerning the withholding and was unsuccessful each time. Smith testified that he twice contacted Earl Johnson concerning the matter. Earl Johnson admitted in his testimony that he "stalled him [Smith] off" and made no explanation as to why the company was withholding Smith's wages. Smith also attempted to converse with Floyd Johnson, the owner, by telephone but was unable to do so because of Johnson's impaired hearing.

Thus, given these facts and circumstances, Smith had good cause as a matter of law for leaving his employment, and his claim for unemployment benefits should not have been denied.

Order reversed. Costs to appellant.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.