594 P.2d 628

**Fred GAEHRING, Claimant-Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT,**
**Defendant-Respondent.**

No. 12594.

Supreme Court of Idaho.

April 24, 1979.

Rehearing Denied June 4, 1979.

Fred Gaehring, pro se.

Wayne L. Kidwell, Atty. Gen., Roger B. Madsen, Asst. Atty. Gen., R. LaVar Marsh, Deputy Atty. Gen., Boise, for defendant-respondent.

Before McFADDEN, BAKES and BIST-LINE, JJ., and SCHROEDER and COGS-WELL, JJ., pro tem.

PER CURIAM.

The issue presented on appeal is whether there was substantial evidence to support the finding of the Industrial Commission that the claimant-appellant had wilfully failed to report earnings in order to obtain unemployment insurance benefits. A review of the record indicates that there was sufficient evidence to justify the finding of the Commission.

Mr. Gaehring, the claimant-appellant is a seasonally employed truck driver. He has received unemployment compensation for various periods over many years including much of 1976. He filed for compensation on October 28, 1976, and began mailing in weekly claims including statements for the weeks ending November 13 and November 20, 1976. These statements indicated that he had worked no hours and received no compensation. In fact he had returned to work November 7 or 9 and received wages for the week ending November 13 in the amount of $233.75, and for the week ending November 20 in the amount of $156.48. He received a benefit check for at least one of the weeks involved.

Initially in his testimony before the appeals examiner, Mr. Gaehring stated that he advised an employee of the Department of Employment of the error in filing claims. However, this was contradicted by the Department's employee who handled Mr. Gaehring's claims. She maintained that she first discovered a discrepancy between Mr. Gaehring's certifications and his employer's statement, which led to the discovery that he had filed erroneous claims for two successive weeks. Following this testimony Mr. Gaehring became uncertain as to whether he had called the error to the Department's attention or whether the Department had discovered the error.

The appeals examiner determined that Mr. Gaehring had wilfully made a false statement or representation and wilfully failed to report a material fact in order to obtain benefits. The examiner declared Mr. Gaehring to be ineligible for benefits during the period of time commencing November 7, 1976, and ending November 20, 1976. Pursuant to I.C. § 72–1366(j) the examiner also determined that benefits would be withheld for the period of time commencing

December 19, 1976, through December 17, 1977. This decision was thereafter reviewed by the Industrial Commission. At the hearing before the referee for the Industrial Commission Mr. Gaehring was afforded the opportunity to offer new and additional evidence. However, though he made a number of statements indicating disgruntlement, he offered no additional evidence to shed light upon what had happened concerning the filing of the erroneous claims. Based upon the record before him the referee entered findings of fact, conclusions of law and an order affirming the decision of the appeals examiner. The referee's findings, conclusions and order were approved and adopted by the Industrial Commission.

On appeal Mr. Gaehring maintains that he did not intend to defraud the Department and that the erroneous filings were mistakes and not wilful efforts to obtain benefits to which he was not entitled. At the time the appeal was filed and the Department's brief was submitted I.C. § 72–1368(i) provided that on appeal "the jurisdiction of the court shall be limited to a review of questions of law." This section was amended in 1977 and now provides as follows:

"An appeal may be made to the Supreme Court by such parties . . . and in such manner as prescribed by rule of the Supreme Court."

In *Rehart v. Department of Employment,* 98 Idaho 549, 568 P.2d 522 (1977), and *Hutchinson v. J. R. Simplot Company,* 98 Idaho 346, 563 P.2d 404 (1977), which were decided subsequent to the amendment, this Court had determined that the findings of the Industrial Commission will not be disturbed on appeal if they are supported by substantial evidence in the record. See also *Booth v. City of Burley,* 99 Idaho 229, 580 P.2d 75 (1978); *Simmons v. Department of Employment,* 99 Idaho 290, 581 P.2d 336 (1978). Evidence to support the findings of the Commission may be found in the fact that the claimant was well aware of the regulations regarding unemployment insurance and would have realized he was not

entitled to full compensation for weeks in which he had earned a total of $390.23. The inaccurate certifications were filled out for two successive weeks. While disputed by Mr. Gaehring, there was credible evidence that he did not report the incorrect claims at a time when he would have been aware he received at least one check to which he was not entitled.

Based upon the foregoing review of the record it appears that there is substantial evidence to support the findings of the Industrial Commission and the order of the Commission is, therefore, affirmed.