695 P.2d 405

**Laurie E. WOOD, Claimant-Respondent,**

v.

**QUALI-DENT DENTAL CLINICS, Employer-Appellant,**

**and**

**Idaho Department of Employment, Respondent.**

**No. 15318.**

Supreme Court of Idaho.

Feb. 6, 1985.

Arnold E. Allemand, pro se.

Laurie E. Wood, pro se.

Jim Jones, Atty. Gen., Larry F. Weeks, Deputy Atty. Gen., Boise, for respondent Dept. of Employment.

BAKES, Justice.

Claimant was employed as a dental assistant. After five months, her employer began training her to make dentures. By having the denture work done at the worksite, the employer saved money in overhead expenses. A year later, the employer, dissatisfied with the quality of denture work performed, told claimant that he was going to start a new procedure to motivate the employees to complete the denture work in a satisfactory manner. Under the new policy, the employer would deduct fifty cents from the employee's check for every five minutes that the employer spent completing a denture to the employer's satisfaction. Claimant told the employer that she could not afford the loss of income and that the policy would require her to quit and that she would work only two more weeks.

A few days later, claimant confronted the employer with a pamphlet obtained from the Idaho Department of Labor & Industrial Services entitled, "A Guide to Idaho Labor Laws." The claimant drew the employer's attention to a page of the pamphlet which appeared to prohibit implementation of the new policy, setting forth I.C. § 45–611. This statute prohibits the withholding of an employee's wages unless the employer is empowered to do so by law or unless the employer has written authorization from the employee for deductions for a lawful purpose. The employer disagreed with the claimant's interpretation of the language contained in the pamphlet, but agreed to reduce the new policy to writing, also stating that he would delay implementation for an additional week. In response, the claimant demanded final payment of wages and departed.

The next day claimant filed for unemployment benefits. A claims examiner determined the claimant to be eligible for unemployment benefits on the basis that the claimant had voluntarily left employment, but for good cause. I.C. § 72–1366(e). The employer subsequently filed a protest, but the claims examiner affirmed the original determination. The employer then appealed to the appeals examiner for a redetermination. After a hearing date was set, the employer requested that the hearing be cancelled and the matter be determined on the record. The appeals examiner ruled that the claimant had quit without good cause and was therefore ineligible. Claimant appealed to the Industrial Commission. Neither party requested a hearing, and the matter was submitted to the Industrial Commission on the record.

The Industrial Commission examined the record and made findings of fact, conclusions of law, and an order holding the claimant eligible for unemployment benefits. Specifically the commission found that claimant had quit for good cause since the employer's policy was clearly illegal under I.C. § 45–611, relying on our prior decision in *Smith v. Johnson's Mill*, 96 Idaho 760, 536 P.2d 755 (1975). The Industrial Commission denied the employer's motion for reconsideration. This appeal followed.

The findings of the Industrial Commission will not be disturbed on appeal if they are supported by substantial evidence in the record. Idaho Const. art. 5, § 9; *Gaehring v. Dept. of Employment*, 100 Idaho 118, 594 P.2d 628 (1979). Having fully reviewed the record, it is clear

that the findings of the Industrial Commission are supported by substantial evidence. Accordingly, we affirm.

Costs to respondent.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.