695 P.2d 407

**Stanley W. PUCKETT, SSA 505 76 6008, Claimant-Appellant,**

**v.**

**IDAHO DEPARTMENT OF CORRECTIONS, Employer-Respondent,**

**and**

**State of Idaho, Department of Employment, Respondent.**

**No. 15238.**

Supreme Court of Idaho.

Feb. 6, 1985.

John C. Lynn, Boise, for claimant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Robert R. Gates, Deputy Atty. Gen., for employer-respondent Idaho Dept. of Corrections.

Roger Martindale and Evelyn Thomas, Deputy Attys. Gen., Boise, for respondent Dept. of Employment.

SHEPARD, Justice.

This is an appeal from an order of the Industrial Commission denying unemployment compensation benefits to claimant Puckett because he was discharged for misconduct. We affirm.

Puckett had been a correctional officer at the Idaho Correctional Institution for six years prior to his discharge. Three days before his discharge, Puckett had attended an employees' association picnic and severely battered department sergeant Boggs, rendering him unconscious. The attack was allegedly as a result of a remark made by Boggs to Puckett's then girlfriend. Puckett was charged with battery, entered a plea of guilty, judgment was withheld, and Puckett was placed on six months probation.

Puckett had an alleged history of violence and force against others while under the influence of alcohol. Two of those instances came to the attention of law enforcement agencies, i.e., Puckett was involved in a 1980 barroom fight in Idaho City, and in 1981 he was involved in a fight with a fellow correctional officer at a bar in Boise. Following the last incident, the Ada County Sheriff withdrew Puckett's deputization as a county law enforcement officer.

Following Puckett's discharge by the warden of the institution, Puckett filed a grievance which was heard before an institution grievance panel. Puckett argued that his on-duty performance was not taken into consideration in the discharge decision. The panel recommended that Puckett not be discharged, but nevertheless the Director of the Department of Corrections Crowl discharged Puckett for "[c]onduct unbecoming a State employee and conduct detrimental to good order and discipline in the Department." In reaching that decision, he allegedly took into consideration the fact that Puckett had been counseled regarding his drinking and assaultive behavior several times and that Director Crowl had personally discussed the issue with him and suggested that it be corrected. Crowl indicated that while the picnic assault may not have by itself warranted termination, when coupled with past incidents, termination was necessary.

Following his discharge, Puckett sought and was granted unemployment benefits. In a redetermination initiated by the employer, the granting of those benefits was affirmed. That decision was again appealed and an appeals examiner denied unemployment benefits based on a finding that Puckett was ineligible under I.C. § 72–1366(e), since he was discharged for misconduct in connection with employment. That appeals examiner did not find any significance in the behavior of Puckett before the picnic incident, but found that Puckett's misconduct at the picnic was in connection with his employment since the attack was upon an employee who was superior to Puckett. The examiner held that such conduct was a disregard of the standard of behavior which the employer had a right to expect.

A claimant for unemployment benefits is ineligible if his unemployment was the result of a discharge for employment-related misconduct. See I.C. § 72–1366(e). Misconduct has been defined as "wilful, intentional disregard of the employer's interest; a deliberate violation of the employer's rules; or a disregard of standards of behavior which the employer has a right to expect of his employees." *Johns v. S.H. Kress & Co.*, 78 Idaho 544, 307 P.2d 217 (1957). An employee's disregard of standards of behavior need not be subjectively wilful, intentional or deliberate. The test for misconduct in standard-of-behavior cases is as follows: (1) whether the employee's conduct fell below the standard of

behavior expected by the employer; and (2) whether the employer's expectation was objectively reasonable in the particular case. *Matthews v. Bucyrus-Erie Co.,* 101 Idaho 657, 619 P.2d 1110 (1980).

 The expectation of an employer can serve as a proper basis for a charge of employee misconduct when it is a common expectation among employees in general or within a particular enterprise, and it has been communicated by the employer to the employee. *Davis v. Howard O. Miller Co.,* 107 Idaho 1092, 695 P.2d 1231 (1984). The determination of whether an employee has disregarded the standards of behavior which the employer has a right to expect from its employees is a factual one. *Goolsby v. Life Savers, Inc.,* 107 Idaho 456, 690 P.2d 911 (1984); *Davis v. Howard O. Miller Co., supra.*

The scope of review on appeal from decisions of the Industrial Commission is limited to questions of law, Idaho Const. art. 5, § 9, and the commission's findings of fact will not be disturbed on appeal when they are supported by substantial, though conflicting, evidence. *Davis v. Howard O. Miller Co., supra; Cornwell v. Kootenai County Sheriff,* 106 Idaho 823, 683 P.2d 859 (1984).

In the instant case, there is substantial, competent evidence of a disregard of objectively reasonable standards of behavior which the employer had a right to expect of its employees, *i.e.,* the employer could reasonably expect its correctional officers to refrain from striking a superior officer in this type of setting. It is common and necessary to require order and discipline among correctional personnel, and further necessary for the Department of Corrections to maintain a cooperative working relationship with other law enforcement agencies. Although there is conflicting evidence as to whether Puckett was given specific warnings from superiors as a result of the earlier incidents, there is substantial evidence demonstrating that Puckett was indeed aware of and warned of the employer's expectations. The com-

mission's finding that the incident was "work-related" is supported by substantial evidence and will not be disturbed. Claimant's discharge resulted from his own misconduct and he is not entitled to unemployment benefits.

The decision of the Industrial Commission is affirmed. Costs to respondents. No attorney's fees on appeal.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.