793 P.2d 187

**Gisela HALDIMAN, Claimant–Appellant,**

v.

**AMERICAN FINE FOODS, Employer, and Employers Fire Insurance Co., Surety, Defendants–Respondents.**

No. 18066.

Supreme Court of Idaho.

May 21, 1990.

Goicoechea Law Office, Boise, for claimant-appellant. Lynn M. Luker argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for defendants-respondents. Glenna M. Christensen argued.

JOHNSON, Justice.

This is a worker's compensation case. The sole issue presented is whether an employee for whom retraining has been authorized or ordered pursuant to I.C. § 72–450 is entitled to an additional allowance for the expense of traveling to and from her place of retraining. We hold that the employee is entitled to have the employer furnish reasonable travel accommo-

dations to and from the retraining facility approved by the Commission. We vacate the order denying a travel allowance and remand to the Commission to determine whether the retraining facility was approved.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Gisela Haldiman was injured while working for American Fine Foods (AFF). The Industrial Commission awarded Haldiman benefits for total temporary disability and permanent physical impairment due to the injury and awarded her retraining benefits for a period not to exceed fifty-two weeks under the provisions of I.C. § 72–450 (1989). The Commission retained jurisdiction of the case to determine if Haldiman had any permanent partial disability in excess of her permanent physical impairment after she completed retraining. Haldiman and AFF petitioned the Commission requesting that the Commission determine whether the retraining benefits awarded would include payment for Haldiman's travel to and from the place of retraining. The Commission concluded that I.C. § 72–450 does not contemplate an additional allowance for travel. Haldiman appealed this ruling.

## II.

### AN EMPLOYEE FOR WHOM RETRAINING IS AUTHORIZED OR ORDERED UNDER I.C. § 72–450 IS ENTITLED TO BE FURNISHED BY THE EMPLOYER WITH REASONABLE TRAVEL ACCOMMODATIONS TO AND FROM THE FACILITY APPROVED BY THE COMMISSION FOR RETRAINING.

■ I.C. § 72–450 provides:

**72–450. Retraining.**—Following a hearing or informal conference upon motion of the employer, the employee or its own motion, if the commission deems a permanently disabled employee, after the period of recovery, is receptive to and in need of retraining in another field, skill or vocation in order to restore his earning capacity, it may authorize or order such retraining and during the period of retraining or any extension thereof, the employer shall continue to pay the disabled employee, as a subsistence benefit, temporary total or temporary partial disability benefits as the case may be. The period of retraining shall be fixed by the commission but shall not exceed fifty-two (52) weeks unless the commission, following application and hearing, deems it advisable to extend the period of retraining, in which case the increased period shall not exceed fifty-two (52) weeks.

Haldiman asserts that this statute should be liberally construed in favor of an employee to provide an allowance for travel to and from the place of retraining. Haldiman argues that while the statute does not expressly authorize additional mileage expense, it does not expressly limit the retraining award to only temporary disability benefits. She contends that the Commission's order denying the travel allowance, which states that the statute should be strictly interpreted, is contrary to the rule that the worker's compensation statutes should be liberally construed in favor of a claimant.

The statutory basis for the principle of liberal construction of the worker's compensation laws in favor of claimants is I.C. § 72–201 (1989). This declaration of the purpose of the worker's compensation system in Idaho states that "sure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as is otherwise provided in this act."

For almost seventy years this Court has adhered to the principle that the worker's compensation law should be liberally construed in favor of the claimant in order to effect the object of the law and to promote justice. *E.g., McNeil v. Panhandle Lumber Co.,* 34 Idaho 773, 203 P. 1068 (1921); *Miller v. Amalgamated Sugar Co.,* 105 Idaho 725, 672 P.2d 1055 (1983). In

*McNeil,* the first case in which this principle was announced, we said:

> The workmen's compensation law, like other laws of this state, is to be liberally construed with a view to effect its object and promote justice. This does not mean that the courts should endeavor by construction to extend its provisions to persons not intended to be included by it, but that it shall be so construed as to carry out its purposes and, so far as is reasonably possible, secure its benefits to all those who were intended to receive them.

34 Idaho at 786–87, 203 P. at 1073 (citations omitted). In *Miller* we reaffirmed application of this principle "that workmen's compensation provisions be construed liberally in favor of the claimant." 105 Idaho at 729, 672 P.2d at 1059. Between these two decisions are a multitude of decisions of this Court applying this principle to a wide variety of questions arising under the worker's compensation law.

This liberal construction principle has been applied in several cases to determine whether an employee is entitled to a particular benefit. In these cases this Court has frequently construed statutes in a manner that favors the award of benefits. In *Flock v. J.C. Palumbo Fruit Co.,* 63 Idaho 220, 242, 118 P.2d 707, 716 (1941) (footnote omitted), we said: "The lodestar of liberal construction of the Workmen's Compensation Law, requir[es], if possible, the rehabilitation of injured employes [sic] and correct treatment of them...." In *Flock* we upheld an order of the Industrial Accident Board requiring reimbursement to a claimant for medical expenses incurred for x-ray treatment of a tumor as being "reasonable medical care" under a contract between an employer and an employee authorized by statute. Neither the contract nor the statute referred to x-ray treatment.

In *Burch v. Potlatch Forests, Inc.,* 82 Idaho 323, 353 P.2d 1076 (1960), this Court construed the worker's compensation statute requiring the employer to provide an injured employee with " 'reasonable medical, surgical or other attendance or treatment.' " 82 Idaho at 326, 353 P.2d at 1077.

There we reversed an order of the Industrial Accident Board denying the request of an injured employee who had lost two teeth in an industrial accident to require the employer to furnish him with artificial teeth or a replacement bridge. In doing so we said: "In common parlance and often in the law the word 'treatment' is a broad term and is employed to indicate all steps taken in order to effect a cure of an injury or disease." 82 Idaho at 328, 353 P.2d at 1078.

In the case of *In re Haynes,* 95 Idaho 492, 511 P.2d 309 (1973), we applied the rule of liberal construction to a statute providing benefits for dependents of a deceased worker. The statute at issue provided benefits to a widow if she was living with the deceased worker at the time of the accident, "or actually dependent wholly or partially, upon him." In *Haynes* the widow and the deceased worker were separated at the time of the accident, but the worker had been furnishing her with financial support. The Industrial Accident Board found that because she had income of her own to maintain a standard of living, the widow was not actually dependent on the worker. In reversing the Board's decision we said:

> This Court has held many times that the Workmen's Compensation Act is to be construed liberally in favor of claimants who, because of its enactment, have been deprived of any claims in tort for negligent death of a decedent. As we said in *Smith v. University of Idaho,* 67 Idaho 22, 170 P.2d 404 (1946):
>
>> "However, 'all courts are agreed that there should be accorded to the Workmen's Compensation Act a broad and liberal construction, that doubtful cases should be resolved in favor of compensation, and that the humane purposes which these acts seek to serve leave no room for narrow technical construction. * * * ' " 67 Idaho 22, at 26, 170 P.2d 404, at 406....
>
> ... We acknowledge that there is no hard and fast rule as to what constitutes dependency under the Workmen's Compensation statute.... In cases of this kind we should not consider and be con-

cerned with whether the claimant could have existed without the aid but rather whether the assistance given by the decedent was substantial and whether it enabled his family to enjoy a better life than they could have done without such help and assistance.

*Id.* at 496, 511 P.2d at 313 (citation omitted).

In *Steinebach v. Hoff Lumber Co.*, 98 Idaho 428, 566 P.2d 377 (1977), we invoked the liberal construction rule in interpreting the statute allowing a claimant to whom compensation had been paid and then discontinued only a specified period from the date of the accident to request a hearing for further compensation. There, we held that the statute should be construed not to bar claims for necessary medical payments that are made within a reasonable time of the injury, even though they are incurred after the period specified in the statute.

■ The application of the rule of liberal construction in these cases is instructive in this case. I.C. § 72–450 gives the Commission the power to authorize or order retraining for a permanently disabled employee if the employee is receptive to and in need of the retraining. During the period of retraining or any extension of the retraining, the employer must continue to pay the disabled employee, "as a subsistence benefit," temporary disability benefits. The word "subsistence" means "the irreducible minimum (as of food and shelter) necessary to support life." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2279 (1969). We conclude that the "subsistence benefit" provided in I.C. § 72–450 was intended to provide an employee for whom retraining is authorized or ordered with the bare necessities of life. This subsistence benefit was not intended to cover the expenses connected with retraining. To conclude otherwise would require the claimant to use some of the payments necessary for existence in order to pursue the retraining authorized or ordered by the Commission.

We take note of two other statutes that relate to retraining. I.C. § 72–428(6) (1989) provides:

Delay in rating. Following the period of recovery, a permanently disabled employee who has been afforded vocational retraining under a rehabilitation program shall be rated for permanent impairment only until completion of the vocational retraining program at which time he shall be rated for permanent disability, deducting from any monetary award therefor amounts previously awarded for permanent impairment only.

It is apparent that the Commission had this statute in mind when it ordered retraining for Haldiman, since the Commission retained jurisdiction to determine whether she had any permanent disability in excess of her permanent physical impairment after she completed the retraining. This indicates to us that the Commission equated the "retraining" referred to in I.C. § 72–450 to the "vocational retraining under a rehabilitation program" referred to in I.C. § 72–428(6).

The "rehabilitation program" referred to in I.C. § 72–428(6) appears to be the "program concerning itself with both physical and vocational rehabilitation" which the rehabilitation division of the Commission is authorized to adopt in I.C. § 72–501A(1) (1989). This program is referred to as the "rehabilitation program" in I.C. § 72–501A(2) and (3).

I.C. § 72–433(3) (1989) provides:

At any time after injury, if an injured employee be sent to a facility approved by the commission for physical or vocational rehabilitation, the employee shall be furnished by the employer reasonable travel accommodations to and from such facility and if the injured employee is an outpatient in a physical rehabilitation facility, he shall be paid daily subsistence as the commission may authorize to cover reasonable expenses of board, lodging and transportation.

If the "vocational rehabilitation" referred to in this subsection was intended to include the "vocational retraining under a rehabilitation program" referred to in I.C. § 72–428(6), then Haldiman is entitled to reasonable travel accommodations to and

from a facility approved by the Commission for her retraining.

■ "Rehabilitation" has been defined as "the process of restoring an individual ... to a useful and constructive place in society through some form of vocational, correctional, or therapeutic retraining." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1914 (1969). Therefore, we conclude that an injured employee for whom retraining is authorized or ordered under I.C. § 72–450 is entitled to be furnished by the employer with reasonable travel accommodations to and from a facility approved by the Commission for the retraining.

This result is consistent with the rule that we must construe the worker's compensation law in a manner that will ensure the rehabilitation and correct treatment of injured workers. It would be an unduly technical construction of the law to deny an allowance for reasonable travel accommodations to a claimant to pursue retraining authorized or ordered by the Commission.

### III.

### CONCLUSION.

We vacate the order of the Commission denying Haldiman an allowance for travel to and from the place of retraining and remand the matter to the Commission for a determination whether the facility to which Haldiman has been traveling for her retraining is approved by the Commission. If so, the Commission should order that Haldiman is entitled to reasonable travel accommodations to and from the facility to pursue the retraining.

We award costs on appeal to appellant.

BAKES, C.J., and BOYLE and McDEVITT, JJ., concur.

BISTLINE, Justice, specially concurring.

Because the majority opinion uses the terms "travel allowances" and "travel accommodations," I write separately to explain in more detail just what expenses the travel allowance should cover. An available dictionary reveals that the two terms do not convey the same meaning.

The first paragraph of the majority opinion states that "the employee is entitled to have the employer furnish reasonable travel *accommodations* to and from the retraining facility." Maj.Op. at 955–956, 793 P.2d at 187–188 (emphasis added). Accommodations, which is the plural of accommodation, is defined in the 1978 edition of the American Heritage Dictionary as: "a. Lodgings; room and food. b. A seat, compartment, or room on a public vehicle." Ergo, travel accommodations entitles the claimant to receive room and board, as well as transport on a public vehicle to and from the retraining facility.

On the other hand is the majority's reference to travel *allowances*. The majority, in conclusion, vacates "the order of the Commission denying Haldiman an *allowance* for travel to and from the place of retraining...." Maj.Op. at 959, 793 P.2d at 191 (emphasis added). An allowance is defined in the American Heritage Dictionary as: "3. A regular provision of money, food, or the like, ..." Where the claimant has been held entitled to a travel allowance, the claimant is to be reimbursed for the cost of driving a private vehicle to and from the retraining facility, but perhaps not reimbursed for meals and lodging.

The solution to the majority's confusion of terms should not long trouble the Commission in proceedings on remand. It will likely consider this claimant's particular circumstances and determine whether the travel allowance will include the cost of accommodations. For instance, if the retraining facility is far from the claimant's home, or if the claimant is an outpatient (*see* I.C. § 72–433(3)) then remuneration for food, lodging, and transportation would be appropriate. If the claimant by chance lives close to the retraining facility, there might be no necessity, other than the cost of the claimant's commute to and from the facility, for the Commission to include accommodations as part of a travel allowance.