795 P.2d 862

Hector C. OLVERA,
Claimant–Appellant,

v.

DEL'S AUTO BODY,
Defendant–Respondent.

No. 17809.

Supreme Court of Idaho.

July 2, 1990.

Rehearing Denied Aug. 31, 1990.

Hector C. Olvera, Caldwell, pro se.

Gigray, Miller, Downen & Fouser, Caldwell, for defendant-respondent. Ronald Joseph Wilper argued.

BOYLE, Justice.

In this worker's compensation case we are called upon to determine whether the record supports the Industrial Commission's finding that claimant was an independent contractor rather than an employee, and was not entitled to receive worker's compensation benefits.

Claimant Hector Olvera (hereafter "Olvera") worked as a painter at Del's Auto Body Shop in Caldwell, Idaho. While working at Del's Auto Body Shop (hereafter "Del's") Olvera was paid sixty percent of the labor figure taken from the "flat rate manual" which is provided to body shops by the industry. By comparison, only thirty-five to forty percent of the labor charge was paid to employees working as painters at other auto body shops in the Caldwell area. Prior to beginning his work at Del's, Olvera was advised that he would be responsible for payment of his own taxes, social security and insurance. It is disputed whether or not he was advised that he would be covered by worker's compensation insurance, however, the record is clear that there were no payroll or earning deductions of any kind taken from the amounts paid to Olvera by Del's and at the end of the year he was given a form 1099 and not a W-2 form for income tax purposes.

Olvera was furnished a work area or "stall" in the body shop and was allowed to use the air compressor owned by Del's. Other than providing a place to work and access to an air compressor, Del's provided no tools or equipment to the workers. The record reveals that Olvera owned and provided extensive paint equipment and tools, worked irregular hours and frequently worked in the evenings and on weekends. Olvera also hired his own assistants to help him with the auto painting projects on which he was working.

The referee assigned by the Industrial Commission to hear the case concluded that although there was some indicia of an employer and employee relationship, the preponderance of the evidence established that an independent contractor and principal relationship existed between Olvera and Del's. The Industrial Commission approved the referee's findings of fact, conclusions of law and order and this appeal followed.

## I.

### Scope of Appellate Review

It is well established by the prior decisions of this Court that where the factual findings of the Industrial Commission are sustained by substantial and competent, though conflicting, evidence, they will not be reversed on appeal. *Kyle v. Beco Corp.*, 109 Idaho 267, 707 P.2d 378 (1985); *Wood v. Quali–Dent Dental Clinics*, 107 Idaho 1020, 695 P.2d 405 (1985); *Cornwell v. Kootenai County Sheriff*, 106 Idaho 823, 683 P.2d 859 (1984). We are likewise compelled to defer to the findings of the Industrial Commission when those findings are supported by substantial and competent evidence. Idaho Const. art. 5 § 9; *Snyder v. Burl C. Lange, Inc.*, 109 Idaho 167, 706 P.2d 56 (1985); *Puckett v. Idaho*

*Dep't of Corrections*, 107 Idaho 1022, 695 P.2d 407 (1985); *Guillard v. Department of Employment*, 100 Idaho 647, 603 P.2d 981 (1979). Our review of the decisions of the Industrial Commission is limited to questions of law, Idaho Const. art. 5 § 9; *Ledesma v. Bergeson*, 99 Idaho 555, 585 P.2d 965 (1978); *Madron v. Green Giant Co.*, 94 Idaho 747, 497 P.2d 1048 (1972), and to a determination of whether the Commission's findings are supported by substantial and competent evidence. *Parker v. Saint Maries Plywood*, 101 Idaho 415, 614 P.2d 955 (1980). The evaluation and weighing of conflicting testimony is a function left to the sound discretion of the Industrial Commission as fact finder, and will not be disturbed on appeal by this Court unless clearly erroneous as a matter of law. *Nycum v. Triangle Dairy Co.*, 109 Idaho 858, 712 P.2d 559 (1985). In the presence of conflicting evidence in worker's compensation proceedings, this Court has consistently recognized the Industrial Commission as the arbiter of those conflicting facts and acknowledge that the weight to be accorded evidence is within the Commission's particular province. *Nelson v. Pumnea*, 106 Idaho 48, 675 P.2d 27 (1983); *Hayes v. Amalgamated Sugar Co.*, 104 Idaho 279, 658 P.2d 950 (1983); I.C. § 72–732.[1]

## II.

### Standard For Determination of Independent Contractor Status

[1] Olvera asserts that the Industrial Commission erred in finding that he was an independent contractor. Olvera testified before the Commission that he was never advised that he was an independent contractor and that no worker's compensation benefits would be available. Further, Olvera maintains that Del's had a worker's compensation notice posted on the wall, provided certain equipment, paid for supplies and exercised control over his work.

---

**1.** The jurisdiction of this Court is limited when reviewing worker's compensation cases. Specifically, I.C. § 72–732 provides:

   **72–732. Disposition of appeal—Jurisdiction of Supreme Court.**—Upon hearing the court may affirm or set aside such order or award, or may set it aside only upon any of the following grounds:

   (1) The commission's findings of fact are not based on any substantial competent evidence;

   (2) The commission has acted without jurisdiction or in excess of its powers;

   (3) The findings of fact, order or award were procured by fraud;

   (4) The findings of fact do not as a matter of law support the order or award.

After a careful and thorough review of the record before us, we are not persuaded that the Industrial Commission erred in concluding Olvera was an independent contractor. The test in Idaho for determining whether an individual is an employee or an independent contractor has been described as the "right to control test." *Sines v. Sines*, 110 Idaho 776, 718 P.2d 1214 (1986); *Burdick v. Thornton*, 109 Idaho 869, 712 P.2d 570 (1985). As we stated in *Sines:*

> The test used generally focuses upon consideration of four factors, (omitting citation) (1) direct evidence of the right; (2) the method of payment; (3) furnishing major items of equipment; and (4) the right to terminate the employment relationship at will and without liability.

110 Idaho at 777, 718 P.2d at 1215.

The determination of whether an injured party is an independent contractor or an employee is a factual determination to be made on a case-by-case basis from full consideration of the facts and circumstances established by the evidence. *Burdick v. Thornton*, 109 Idaho 869, 712 P.2d 570 (1985); *Burns v. Nyberg*, 108 Idaho 151, 697 P.2d 1165 (1985). The integral test is whether the relationship or the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract. *Sines v. Sines*, 110 Idaho 776, 718 P.2d 1214 (1986).

### III.

### *Liberal Construction Afforded To Worker's Compensation Act*

The law in this state is likewise well established that when doubt exists as to whether an individual is an employee or an independent contractor under the Worker's Compensation Act, the Act must be given a liberal construction by the Industrial Commission in its fact finding function in favor of finding the relationship of employer and employee. *Burdick v. Thornton*, 109 Idaho 869, 712 P.2d 570 (1985); *Fitzen v. Cream Top Dairy*, 73 Idaho 210, 249 P.2d 806 (1952). A review of the record and §§ IV and VI of the Commission's conclusions of law clearly confirms that the referee was keenly aware of this principle of law[2] and upon weighing the evidence concluded that Olvera was an independent contractor rather than an employee of Del's. The referee acknowledged and addressed the responsibility of the Commission to liberally construe the facts in favor of the claimant,[3] and found that Del's never assumed the right to control the time, manner and method of performing Olvera's work.

In the present case, Olvera was paid a substantially higher percentage of the paint labor charges at Del's than what comparable painters were receiving at other auto body shops in the Caldwell area. This significant increase indicates a relationship different from the usual employer and employee situation. In addition, Olvera paid his own taxes and there was nothing withheld from payments due him for insurance, social security or other standard payroll deductions. Olvera provided his own paint guns and extensive personal equipment and hired his own assistants. The other workers at Del's, although body and fender workers and not painters, were also independent contractors. The record demonstrates that Olvera worked irregular hours

---

**2.** Conclusion of Law IV specifically cites *Fitzen v. Cream Top Dairy*, 73 Idaho 210, 249 P.2d 806 (1952) and expressly states:

> When a doubt exists as to whether an individual is an employee or an independent contractor under the Worker's Compensation Act, the Act must be given a liberal construction in favor of finding the relationship of employer/employee.

**3.** It is clear that the referee carefully considered the responsibility to construe the facts liberally in favor of the claimant. Section VI of the Industrial Commission's Conclusions of Law states in pertinent part:

> The Referee concludes that although compensation statutes should be construed liberally in favor of claimants in order to effectuate its purpose, it should not be construed unrealistically or be distorted in order to come to that conclusion.

including evening and weekends. The fact that Del's provided an air compressor and work space for use by the workers including Olvera, does not alter the factual finding by the trier of fact that an independent contractor relationship was found to exist.

Our review does not entail a de novo review and determination of fact, I.C. § 72–732, and it is well established by case law that we are not to be concerned with whether this Court would have reached the same conclusion, but rather, with whether the findings of the Commission are supported by substantial, competent evidence. *Graham v. Larry Donohoe Logging,* 103 Idaho 824, 654 P.2d 1377 (1982).

Having fully reviewed the record as a whole, it is clear that the findings of the Industrial Commission are supported by substantial and competent, although conflicting, evidence and that the Industrial Commission properly applied the law to the facts presented.

Accordingly, we affirm. Costs to respondent.

BAKES, C.J., and JOHNSON and McDEVITT, JJ., concur.

BISTLINE, Justice, dissenting.

While I agree that the appropriate standard of review requires this Court to leave undisturbed factual findings of the Industrial Commission which are supported by substantial and competent evidence, this standard does not inevitably always lead to an affirmance. In this case, if we consider the facts as they were found by the referee and as they were adopted by the Industrial Commission, and apply the law of Idaho to those facts, the inevitable result is a finding, as a matter of law, that Hector Olvera was a covered employee and not an independent contractor of Del's Auto Body when he was injured.

The questions of fact that must be answered before a worker may be treated (for the purposes of workers' compensation) as an independent contractor have been discussed by this Court before:

> The ultimate question in finding an employment relationship is whether the employer assumes the right to control the time, manner and method of executing the work of the employee, as distinguished from the right merely to require certain definite results in conformity with their agreement. [Citations omitted.] Four factors are traditionally used in determining whether a "right to control" exists, including, (1) direct evidence of the right; (2) the method of payment; (3) furnishing major items of equipment; and (4) the right to terminate the employment relationship at will and without liability.

*Burdick v. Thornton,* 109 Idaho 869, 871, 712 P.2d 570, 572 (1985). Of the four factors indicating a right to control, only the first is concerned with direct evidence. The other three involve indirect evidence which may or may not raise the inference of a right to control. I will consider each factor in reverse order.

Did Olvera have the right to terminate the employment relationship at will and without liability? Olvera testified that he did indeed; but the owners of Del's Auto Body said that this right was restricted, in that Olvera would only be allowed to walk away when the present job or project had been completed. On the other hand, however, no restrictions were placed on the right of Del's to terminate the relationship at will without liability. This lack of mutuality strongly suggests that Olvera was not an independent contractor, but that the relationship was one of employment terminable at will.

Did Del's Auto Body furnish major items of equipment? Del's Auto Body not only furnished the work area, but it also furnished the air compressor to be used by the workers in the auto body shop. Olvera supplied his own paint guns, but that fact is not inconsistent with an employee-employer relationship. Most if not practically all car mechanics must bring their own tools to work, and this matter of employee-owned hand tools is prevalent in other industries, and is a matter of common knowledge.

Did the method of payment suggest that Olvera was an independent contractor?

Del's Auto Body paid Olvera sixty percent of the bid for labor charges given to the customer by Del's for the work to be performed. While this is more than what Olvera received for work at other shops he had worked at in the past, that fact alone may simply indicate that Olvera was a valuable employee.

No taxes were deducted from the payments made to Olvera. While this fact might tend to indicate Olvera's understanding that Del's was treating him as an independent contractor, and hence not covered by workers' compensation, there are conflicting facts. Of significance, and required by law, on the wall in Del's office was the Commission's printed notice that Del's was in compliance with I.C. § 72–301 of the Act. Failure to post the Notice and keep it posted amounts to a misdemeanor. Olvera maintains that he was never warned—in writing or verbally—that he was considered by Del's Auto Body to be not covered by the Act and that the Notice had no application to him.

In addition, I.C. § 72–318(1) affirmatively states that "[n]o agreement by an employee to pay any portion of the premiums paid by his employer for workmen's compensation ... shall be valid." Subsection (2) of the same statute states that "[n]o agreement by an employee to waive his rights to compensation under this act shall be valid." The appeal record contains no such agreement in writing between Del's and Olvera. The statute itself does not state "in writing." However, the statute would be meaningless if an employer, putative or actual, could invoke an oral agreement. While the whole question here is whether Olvera is an employee or not, I.C. § 72–318 at least suggests that a determination of the real nature of the employment relationship should come before any reliance is heavily placed upon the method of payment or the method of deduction.

Did Olvera establish direct evidence of Del's right to control his employment? As stated before, no written agreement between the parties was made. Olvera asserts that he was told to come in and work from 8 a.m. to 5 p.m., and the owners of Del's testified that Olvera worked "radical" hours. This suggests that Olvera was indeed asked by Del's to work "normal" hours. The manner and method of work was dictated by Olvera, because Del's relied upon Olvera's expertise. Nevertheless, Del's bid the work, and estimated how long Olvera would need to perform the job.

In sum, the direct evidence of Del's right to control Olvera is not determinative of the issue, and the indirect evidence of the right to control (*i.e.*, method of payment, furnishing equipment, and right to terminate) points in the direction of finding, as a matter of law, that Olvera is a covered employee. But the analysis may not end there.

As this Court has recognized, the Workers' Compensation Act should be liberally construed in favor of the employee, and in favor of coverage instead of exemption from coverage:

> The statutory basis for the principle of liberal construction of the workers' compensation laws in favor of claimants is I.C. § 72–201 (1989). This declaration of the purpose of the workers' compensation system in Idaho states that "sure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault as is otherwise provided in this act."
>
> For almost seventy years this Court has adhered to the principle that the workers' compensation law should be liberally construed in favor of the claimant in order to effect the object of the law and to promote justice. [Citations omitted.]

*Haldiman v. American Fine Foods,* 117 Idaho 955, 793 P.2d 187 (1990). This principle was echoed in *Burdick v. Thornton,* 109 Idaho 869, 712 P.2d 570 (1985). After announcing the test for independent contractor status, the Court wrote:

> We note that evidence in this case was conflicting and that circumstances surrounding this relationship could easily be argued as establishing an employment or independent contractor relationship. However, *when a doubt exists as to*

*whether an individual is an employee or an independent contractor under the Workmen's Compensation Act, the Act must be given a liberal construction in favor of finding the relationship of employer and employee.*

*Burdick,* 109 Idaho at 871, 712 P.2d at 572 (citation omitted) (emphasis added).

Taken together, the principle of liberal interpretation in conjunction with a sober look at the facts of this case inevitably leads to the conclusion that Olvera is a covered employee. There is another reason for finding coverage, prospective in nature, that this Court should have addressed. In *Bon Appetit Gourmet Foods v. Idaho,* 117 Idaho 1002, 793 P.2d 675 (1989), this Court affirmed its holding that provisions of I.C. § 72–1316(d) were unconstitutional, because they required employers to pay unemployment compensation for certain independent contractors. What today's decision and *Bon Appetit* in aggregate amount to is a statement that the presumption of coverage has vanished. This Court will no longer presume coverage until the facts affirmatively show otherwise.