834 P.2d 878

**William ALDRICH, Claimant–Appellant,**

v.

**LAMB–WESTON, INC., Employer, Defendant–Respondent.**

**No. 19350.**

Supreme Court of Idaho,
Twin Falls, April 1992 Term.

July 15, 1992.

Jordan Law Office, Ketchum, Idaho, for claimant-appellant. Clark L. Jordan argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for defendant-respondent. Glenna M. Christensen argued.

JOHNSON, Judge.

This is a workers' compensation case. The sole issue on appeal is whether there is substantial and competent evidence to support the Commission's denial of benefits based on its finding that the claimant's breathing problems are not causally related to an industrial accident. We conclude that there is substantial and competent evidence to support the Commission's decision and affirm the Commission's denial of benefits.

I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

William Aldrich was employed by Lamb–Weston, Inc. (Lamb–Weston) and worked as a general laborer at Lamb–Weston's potato processing plant. On November 29, 1988, Aldrich was helping freeze hash browns in the hash brown room. In this room a mist consisting of water and chlorine was sprayed onto the hash browns to prevent bacterial growth. The chlorine level was maintained at thirty to fifty parts per million (ppm). On that day, however, the chlorine level rose to at least 200 ppm during Aldrich's shift. Aldrich was exposed to the high chlorine level for five and

one-half hours before Lamb–Weston shut down the line.

Aldrich testified that he began having breathing problems after the exposure. On January 4, 1989, Aldrich was treated at the emergency room of a local hospital. Aldrich testified that he went to the emergency room because he was gasping for air and coughing up blood.

Aldrich had been laid off for a few days after the exposure. He returned to work on January 20, 1989, and worked next to a room that also contained chlorine gas. Aldrich testified that he and several other employees near this room complained of sore throats and breathing problems.

Aldrich quit working on April 20, 1989. Aldrich began seeing a physician in March 1989 and continued to see this physician monthly for approximately fourteen months. The physician concluded that Aldrich suffered from chronic bronchitis, most likely caused by smoking.

Aldrich saw a pulmonary lung specialist on July 18, 1990. After testing Aldrich, the specialist diagnosed Aldrich as having mild interstitial lung disease. The specialist initially stated that the disease "may possibly" be related to the chlorine exposures. Shortly before the hearing, the specialist stated that Aldrich's disease was "more likely than not" related to the exposures.

Aldrich alleges that accidents occurred on November 29, 1988, and on January 20, 1989, and that these accidents caused his breathing problems. Following two days of hearing, the Commission issued its findings of fact, conclusions of law, and order. The Commission found persuasive testimony by two physicians who testified on behalf of Lamb–Weston that the exposure had not injured Aldrich.

The first physician testified that Aldrich did not have interstitial lung disease, but that his bronchitis resulted from smoking or asthma. This physician also stated that chlorine exposure would not cause interstitial lung disease, but that levels above twenty-five ppm for more than a few minutes could cause other injuries and that Aldrich did not display such symptoms.

The second physician testified that a massive exposure to chlorine gas, such as 900 ppm, might cause interstitial lung disease, but that it would result in an immediate medical emergency. This physician had examined the equipment that generated chlorine gas that was installed during Aldrich's lay-off. The second physician testified that the chlorine gas was causing employees' eye and throat irritation.

The Commission found that the records from the emergency room visit did not include references to the chlorine exposure or any complaints by Aldrich or finding that Aldrich was coughing up blood. The records did state that Aldrich complained of fevers, chills, and coughing and that Aldrich's wife was complaining of the same symptoms. The doctor at the emergency room diagnosed and prescribed bronchitis medicine for Aldrich and his wife.

The Commission was not persuaded by the diagnosis of Aldrich's pulmonary lung specialist because of the specialist's inconsistent conclusions and because the specialist's conclusion that the disease was "related to" the exposures did not establish causation. The Commission also gave little weight to the testimony by Aldrich's family that Aldrich did not display breathing problems prior to his accident because these witnesses were neither present at the accident nor were they medically trained.

The Commission denied benefits to Aldrich, and Aldrich appealed.

## II.

THE COMMISSION'S FINDING THAT ALDRICH'S BREATHING PROBLEMS WERE NOT CAUSALLY RELATED TO HIS INDUSTRIAL ACCIDENTS WAS SUPPORTED BY SUBSTANTIAL AND COMPETENT EVIDENCE.

Aldrich asserts that the Commission should have found that Aldrich's breathing problems were causally related to his accidents. Aldrich argues that the Commission erred when it relied on the testimony of the two physicians who testified for

Lamb–Weston because these doctors disagreed on whether exposure to high chlorine levels could cause interstitial lung disease. In addition, Aldrich argues that the Commission must liberally construe evidence in favor of the claimant and that the Commission should have accepted the pulmonary lung specialist's conclusion.

■■■■ This Court will not overturn factual findings made by the Commission when those findings are supported by substantial and competent evidence. Idaho Const. art. 5, § 9; I.C. § 72–732. The Commission is not required to construe facts liberally in favor of the worker when evidence is conflicting. *Bennett v. Bunker Hill Co.*, 88 Idaho 300, 305, 399 P.2d 270, 272 (1965). This Court will uphold findings supported by substantial and competent evidence, even if conflicting evidence exists. *Olvera v. Del's Auto Body*, 118 Idaho 163, 164, 795 P.2d 862, 863 (1990).

■■■ After reviewing the record and the Commission's decision, we conclude that the Commission's finding of fact that Aldrich's breathing problems are not related to an industrial accident is supported by substantial and competent evidence.

## III.

## CONCLUSION.

We affirm the Commission's denial of benefits.

We award costs on appeal to respondent.

BAKES, C.J. and McDEVITT, J., and REINHARDT, J., Pro Tem. concur.

BISTLINE, Justice, writing separately.

Not convinced that I can join the opinion for the Court, in that it relies on *Bennett v. Bunker Hill*, 88 Idaho 300, 399 P.2d 270 (1965), and *Olvera v. Del's Auto Body*, 118 Idaho 163, 795 P.2d 862 (1990), for two differing rulings, and noting that another vote is not necessary to achieve a majority, I write only to reaffirm the content of my dissent in *Olvera*, 118 Idaho at 166–68, 795 P.2d at 865–67. In that dissent, I reiterated what this Court previously had held:

[T]he Workers' Compensation Act should be liberally construed in favor of the employee, and in favor of coverage instead of exemption from coverage:

The statutory basis for the principle of liberal construction of the workers' compensation laws in favor of claimants is I.C. § 72–201 (1989). This declaration of the purpose of the workers' compensation system in Idaho states that "sure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault as is otherwise provided in this act."

For almost seventy years this Court has adhered to the principle that the workers' compensation law should be liberally construed in favor of the claimant in order to effect the object of the law and to promote justice. [Citations omitted.]

*Olvera*, 118 Idaho at 167, 795 P.2d at 866 (quoting *Haldiman v. American Fine Foods*, 117 Idaho 955, 793 P.2d 187 (1990)).

I also recommend *Olvera* as required reading in regard to what Justice Boyle wrote relative to the dispute as to whether Olvera was an employee or an independent contractor. I was particularly gratified to read the opening sentence to his Part III: "The law in this state is ... well established that when doubt exists as to whether an individual is an employee or an independent contractor under the Worker's Compensation Act, the Act must be given a *liberal construction* by the Industrial Commission...." *Olvera*, 118 Idaho at 165, 795 P.2d at 864 (emphasis added). Fortunately, most referees, in the words of Justice Boyle, "[are] keenly aware of this principle of law." *Id.* Hopefully, all of the referees will give it recognition.