718 P.2d 1214

**Eugene E. SINES, Claimant-Appellant,**

v.

**Truman SINES, dba Emida Cedar, Employer, and Mission National Insurance Company, Surety, Defendants-Respondents.**

**No. 16006.**

Supreme Court of Idaho.

April 25, 1986.

David A. Manko, Coeur d'Alene, for claimant-appellant.

John W. Barrett, Boise, for defendants-respondents.

BISTLINE, Justice.

Emida Cedar had timber harvesting rights to some land owned by Burlington Northern. Eugene Sines, the claimant herein, and Emida Cedar entered into an agreement wherein Mr. Sines would harvest and transport the timber to various mills for a price of $90.00 per one thousand board feet. The agreement entered into by Mr. Sines and Emida Cedar was an oral one, and occurred sometime in January or February 1982.

On May 20, 1982, while attempting to load logs, Mr. Sines caught his hand in the loader's gears. That he has serious permanent injury is not in dispute.

Mr. Sines made a claim on Emida for medical expenses and income benefits.

The claim was denied by Emida's surety, Mission National Insurance Company, on the basis that he was not an employee of Emida Cedar.

Following a hearing, the Industrial Commission concluded that Mr. Sines was an independent contractor at the time of his accident, and denied benefits. Mr. Sines has appealed that determination.

■ After a thorough review of the record, we are not persuaded that the Commission erred. The current test in Idaho for determining whether an individual is an employee or an independent contractor is the "right to control test." [1] The test used generally focuses upon consideration of four factors, set out most recently in *Burdick v. Thornton*, 109 Idaho 869, 712 P.2d 570, 572 (1985): "(1) direct evidence of the right; (2) the method of payment; (3) furnishing major items of equipment; and (4) the right to terminate the employment relationship at will and without liability."

This Court had earlier amplified upon the right to control test in *Ledesma v. Bergeson*, 99 Idaho 555, 557–58, 585 P.2d 965, 967–68 (1978):

> The general test which establishes the relationship of employer and employee is "the right to control and direct the activities of the employee, or the power to control the details of the work to be performed and to determine how it shall be done, and whether it shall stop or continue." [Citations omitted.] ...
>
> The integral test then is whether the contract gives, or the employer assumes, the right to control the time, manner and

---

1. Other tests for deciding this issue are recognized. Professor Larson has proposed a "relative-nature-of-the-work" test which contains these ingredients:

    the character of the claimant's work or business—how skilled it is, how much of a separate calling or enterprise it is, to what extent it may be expected to carry its own accident burden and so on—and its relation to the employer's business, that is, how much it is a regular part of the employer's regular work, whether it is continuous or intermittent, and

whether the duration is sufficient to amount to the hiring of continuing services as distinguished from contracting for the completion of a particular job.

1B Larson, *The Law of Workmen's Compensation*, § 43.52 (1982).

This test has been utilized and given favorable comment. *See, e.g., Burns v. Nyberg*, 108 Idaho 151, 156, 697 P.2d 1165, 1170 (1985) (Bistline, J., dissenting); *Gordon v. New York Life Ins. Co.*, 300 N.Y. 652, 90 N.E.2d 898 (1950).

method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract. [Citations omitted.]

 As in *Ledesma, supra,* 99 Idaho at 557, 585 P.2d at 967, so, too, here, our "only question ... is whether the Industrial Commission made a proper application of law to [the] evidence." *Id.* We hold that it did.

The Commission found that Mr. Sines hired, controlled, and paid his own assistants; furnished his own equipment and tools; paid his own expenses; and decided when his crew was to begin work, end work, and take breaks. He even hired his replacement after he was injured. Each of these facts are supported by substantial and competent evidence, and they strongly suggest an independent contractor relationship. *Id.* at 558, 585 P.2d at 968.

 The Commission did note that Emida Cedar told Mr. Sines the boundaries within which he was to cut the timber, what types of cuts were to be made, and where he was supposed to take the timber after it was cut. But, as the Commission also noted, "such directions ... were no more than necessary to ensure the agreed end result, the clearing and transporting of Sines' timber," or, otherwise put, established nothing more than "the right merely to require certain definite results in conformity to the contract," *id.;* they do not require a holding that the relationship was that of employer-employee.

 Whether an individual is an employee or an independent contractor is an issue that must be decided on a case-by-case approach, with the decision to be reached based upon "all the facts and circumstances established by the evidence." *Id.* at 559, 585 P.2d at 969. Our review of the record leaves us persuaded that substantial and competent evidence supports the facts found by the Commission, and that it properly applied the law based upon those facts.

*Affirmed* with costs to Mission National Insurance Co.

DONALDSON, C.J., SHEPARD and HUNTLEY, JJ., and WALTERS, J. Pro Tem., concur.