812 P.2d 276

**Rita S. PETERSON,
Claimant–Appellant,**

v.

**FARMORE PUMP & IRRIGATION, Employer, and Insurance Company of North America, Surety, Defendants–Respondents.**

No. 18578.

Supreme Court of Idaho,
February 1991 Term.

May 24, 1991.

Rehearing Denied July 18, 1991.

Roden, Arkoosh & Riceci, Boise, for claimant-appellant. C. Thomas Arkoosh, argued.

Imhoff & Lynch, Boise, for defendants-respondents. Thomas P. Baskin III, argued.

JOHNSON, Justice.

This is a workers' compensation case. The primary issue presented is whether there is substantial and competent evidence to support the finding of the Industrial Commission that the claimant was an independent contractor and not an employee at the time of the injury. We hold that there was substantial and competent evidence to sustain the Commission's finding. We also hold that there is no right to appeal an interlocutory order of a referee when the order was not approved or confirmed by the Commission.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Rita Peterson (Peterson) and her husband operate a business known as "R Own Welding." R Own Welding performs various types of welding including the repair of irrigation pipe. During the summer of 1984, Peterson and her husband began repairing irrigation pipe for Farmore Pump & Irrigation (Farmore) at the request of Farmore's manager, Gordon Jensen (Jensen). Peterson performed most of this work. Compensation for the work was on a piece-rate basis except welding work which was on an hourly basis.

Farmore paid for the services of Peterson and her husband with checks payable to R Own Welding and did not withhold income tax or social security from these payments. Farmore issued an Internal Revenue Service form 1099, instead of a W–2 form, at the end of each year for the services provided. Peterson generally used equipment that she and her husband owned, but sometimes used Farmore's pipe press.

Farmore had work available for Peterson almost every day and required Peterson to perform the work promptly and often in a prescribed order. Peterson did not need any instruction from Jensen or anyone else at Farmore to perform the work. Peterson hired and paid assistants when her husband was unable to help her.

In 1988, Peterson injured her back while working for Farmore. Peterson filed a claim for workers' compensation alleging that she was an employee of Farmore at the time of the injury. Farmore alleged that Peterson was an independent contractor.

The Commission assigned the case to a referee. During the pre-hearing stage of the proceedings, Peterson's attorney sought to discover several items of information from Farmore. Farmore resisted the discovery requests. The referee granted discovery with respect to only one of the requests and denied the others.

Following a hearing, the referee found that Peterson performed services for Farmore as an independent contractor and not as an employee and denied Peterson benefits for the injury. The Commission approved and confirmed the referee's findings of fact, conclusions of law, and order and adopted them as the decision and order of the Commission. The referee's findings, conclusions, and order did not refer to the referee's pre-hearing order denying portions of Peterson's motion to compel discovery.

Peterson appealed from the findings of fact, conclusions of law, and order of the Commission.

## II.

### THE REFEREE'S ORDER DENYING THE MOTION TO COMPEL DISCOVERY WAS NOT APPROVED AND CONFIRMED BY THE COMMISSION AND IS, THEREFORE, NOT APPEALABLE.

Peterson asserts that she should have been allowed to discover the method of billing and payment used by others claimed by Farmore to be employees and independent contractors. We decline to address this issue, because the order from which Peterson seeks to appeal is not an order of the Commission but only of the referee.

I.C. § 72–506 provides:

(1) Any investigation, inquiry or hearing which the commission has power to undertake or hold may be undertaken or held by or before any member thereof or any hearing officer, referee or examiner appointed by the commission for that purpose.

(2) Every finding, order, decision or award made by any member, hearing officer, referee, or examiner pursuant to such investigation, inquiry or hearing, when approved and confirmed by the commission, and ordered filed in its office, shall be deemed to be the finding, order, decision or award of the commission.

■ In this case, the referee's order denying Peterson's motion to compel discovery was not specifically approved and

confirmed by the Commission. In fact, the record before this Court does not disclose that the Commission was ever asked to consider the motion or the referee's ruling on it. The denial of the motion was not referred to in the referee's findings of fact, conclusions of law, and order that was approved, confirmed, and adopted by the Commission.

Peterson's appeal to this Court was based on I.C. § 72–718 and I.A.R. 11(d). I.C. § 72–718 provides that a final decision of the Commission may be appealed to this Court as provided by I.C. § 72–724. I.C. § 72–724 states: "[a]n appeal may be made to the Supreme Court by such parties from such decisions and orders of the commission and within such times and in such manner as prescribed by Rule of the Supreme Court." I.A.R. 11(d) provides that an appeal as a matter of right may be taken to this Court from any final decision or order of the Commission.

Based on these statutes and our appellate rule, we hold that the referee's order denying Peterson's motion to compel discovery was not a final decision of the Commission. Therefore, there is no right to appeal from the referee's order.

■ We also note that I.A.R. 17(e)(1)(A) provides that the final judgment, order or decree appealed from shall be deemed to include, and present on appeal "[a]ll interlocutory judgments, orders and decrees entered prior to the judgment, order or decree appealed from,...." This rule might be construed to allow us to consider the referee's order denying the motion to compel discovery. To do so, however, would expand the statutory right of appeal specified by the legislature in I.C. § 72–724 to include orders that were not orders of the Commission. This is beyond our authority to do.

## III.

### THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE COMMISSION'S FINDING OF FACT THAT PETERSON WAS NOT AN EMPLOYEE OF FARMORE.

Peterson asserts that some of the factual findings of the Commission are not sup-ported by substantial and competent evidence and that the Commission's findings of fact failed to cover areas that should have been covered. While we acknowledge that there is conflicting evidence in the record concerning several of the findings of fact of the Commission as well as evidence of other circumstances suggested by Peterson, we hold that there is substantial and competent evidence to support the Commission's finding of fact that Peterson was not an employee of Farmore.

Recently we have restated the test for determining whether an individual is an employee or an independent contractor:

The determination of whether an injured party is an independent contractor or an employee is a factual determination to be made on a case-by-case basis from full consideration of the facts and circumstances established by the evidence. The integral test is whether the relationship or the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract.

*Olvera v. Del's Auto Body*, 118 Idaho 163, 165, 795 P.2d 862, 864 (1990) (citations omitted).

In *Olvera*, we also reiterated the four factors upon which the right to control test generally focuses: " '(1) direct evidence of the right; (2) the method of payment; (3) furnishing major items of equipment; and (4) the right to terminate the employment relationship at will and without liability.' " *Id.* (quoting *Sines v. Sines*, 110 Idaho 776, 777, 718 P.2d 1214, 1215 (1986)).

We also pointed out in *Olvera:*

The law in this state is likewise well established that when doubt exists as to whether an individual is an employee or an independent contractor under the Worker's Compensation Act, the Act must be given a liberal construction by the Industrial Commission in its fact finding function in favor of finding the relationship of employer and employee.

*Id.* (Citations omitted.)

■ Although we noted in *Olvera* that the Commission's decision in that case re-

ferred specifically to this rule of liberal construction, we have not imposed on the Commission the requirement that this rule must be mentioned in each decision. In the absence of a contradictory reference, we assume that the Commission follows the rule of liberal construction in each case.

In reviewing the finding of the Commission that Peterson was an independent contractor and not an employee of Farmore, our task is to determine whether there is substantial and competent evidence to support the finding.

■ In reaching its decision in this case, the Commission reviewed the four factors that this Court has stated are generally the focus of the right to control test. The major facts upon which the Commission based its decision that Farmore did not retain the right to direct and control Peterson in the performance of her work were: (1) the method of payment without withholding in the manner customary in an employment relationship, (2) the fact that Peterson furnished major items of equipment she generally used in her work, and (3) in particular the fact that Peterson employed and paid her own assistants in performing her work. There is substantial and competent evidence in the record to support each of these findings. These findings are a sufficient basis for the Commission's decision.

Peterson refers us to *Nixon v. Webber–Riley Lumber Co.,* 71 Idaho 238, 229 P.2d 997 (1951) as a case that is factually identical in all material respects with this case. In *Nixon,* the Industrial Accident Board concluded that because the lumber company had the right to control the work of the claimant through its power to control the details of the claimant's activities and to discharge him at will, claimant was an employee. The Court held that the evidence amply sustained the board's decision. *Id.* at 241, 229 P.2d at 1000.

The fact that the Court upheld the board's decision in *Nixon,* even assuming the similarity of the facts of that case to the facts here, does not dictate that we overrule the Commission's decision in this case. The decision in each case is for the Commission to make. The only question for us to address is whether the Commission made a proper application of the law to the evidence. *Sines v. Sines,* 110 Idaho 776, 778, 718 P.2d 1214, 1216 (1986); *Ledesma v. Bergeson,* 99 Idaho 555, 557, 585 P.2d 965, 967 (1978). In this case, the Commission did so.

## IV.

## CONCLUSION.

We affirm the decision of the Commission.

We award costs on appeal to respondents. The request for attorney fees was withdrawn based on our decision in *Swanson v. Kraft,* 116 Idaho 315, 775 P.2d 629 (1989).

BAKES, C.J., and BOYLE and McDEVITT, JJ., concur.

BISTLINE, Justice, dissenting.

It now appears inevitable that whatever hope was left for workers unjustly deprived of benefits by the Industrial Commission may well be doomed to extinction. This Court seemingly is found embracing a standard of review for workers' compensation cases that, in its bare form, states that "[t]he decision in each case is for the Commission to make." 119 Idaho at 972, 812 P.2d at 279. A new component of that standard of review, announced in today's majority opinion, makes final and conclusive a *referee's* rulings, findings and conclusions that are *not* specifically and explicitly adopted by the Commission!

Another new component to this Court's standard of review, that of assuming that the Commission will liberally construe the workers' compensation laws in favor of coverage, will be discussed first. The majority states that "[i]n the absence of a contradictory reference, *we assume* that the Commission follows the rule of liberal construction in each case." 119 Idaho at 972, 812 P.2d at 279 (emphasis added). The basis for that assumption is the fact that this Court has never required the Commission to demonstrate in its findings and con-

clusions of law the application of this appropriate rule of construction. There is virtually no support for the proposition that an appellate court is free to indulge in the assumption that an administrative or other adjudicative body is adhering to principles of law regardless of its failure to provide an acceptable analysis. The only assumption, if we as a reviewing court should ever assume, is that when the Commission *does recite* the rule of liberal construction in favor of coverage of benefits to workers, that the Commission has considered this rule and applied it to the case before them. But to assume that the Commission considered and applied a rule which was not given any mention makes absolutely no sense, unless, of course, the standard of review applicable, simplistically recognized, is that "[t]he decision in each case is for the Commission to make." 119 Idaho at 972, 812 P.2d at 279.

The other new component of this Court's "no review" standard of review, mentioned in the first paragraph of this dissenting opinion, can be viewed as just another type of assuming. The Court is apparently going to henceforth assume that a referee's ruling in a case was proper and unreviewable whenever the Commission does not specifically and explicitly reject that ruling. In other words, if the Commission adopts the findings and conclusions of the referee, and the referee fails to mention a controversy relative to discovery or some other ancillary matter, the referee's decision in that ancillary matter is *final*. Period, end of sentence and message.

As is now all too readily apparent, the referee in the first instance and the Commission in the second, in essence and actuality decide for the parties what may or may not be reviewed by this Court. The involved contesting parties, and this Court, in turn, find themselves and itself helpless to address issues which the referee and the Commission failed to perceive and/or address.