905 P.2d 82

**Dennis W. KIELE, Claimant–Respondent,**

v.

**STEVE HENDERSON LOGGING, Employer and Associated Loggers Exchange, Surety, Defendants–Appellants.**

**No. 21116**

Supreme Court of Idaho,
North Idaho, April 1995 Term.

Nov. 1, 1995.

Moffat, Thomas, Barrett, Rock & Fields, Chartered, Boise, for appellant. John Barrett argued.

Gregory C. Dickison, Moscow, for respondent.

SCHROEDER, Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

This is an appeal of an Industrial Commission ruling which determined that the respondent, Dennis Kiele, was acting in the capacity of an employee of the appellant, Steve Henderson Logging, at the time that he was totally and permanently disabled in an accident while operating a road grader. On cross-appeal respondent Kiele requests attorney fees pursuant to I.C. § 72–804.

The claimant, Dennis W. Kiele (Kiele), was permanently and totally disabled August 5, 1992, while operating a road grader on a logging project located on state land near Kooskia. At the time of the accident, Kiele operated a small ranch in the area. However, he had done contract logging off and on throughout his adult life, and he owned a road grader.

On the day of the accident Kiele was hired by Steve Henderson, owner of Steve Henderson Logging, Inc. (Henderson Logging), to grade a road on a timber sale project that Henderson had contracted with Kooskia Timber to log. Henderson Logging hired Kiele to do the road grading because its road grader and operators were busy on another job, and the road was due to be inspected by an Idaho Department of Lands resource manager who had expressed concerns about the condition of the logging road. Henderson Logging was responsible for building and maintaining the logging roads and for related erosion control pursuant to its contract with Kooskia Timber.

Kiele and Henderson met at the site of the logging project at 6 a.m. the day of the accident and drove the length of the road to be graded so that Henderson could show Kiele what work needed to be done to pass inspection by the Department of Lands resource manager, and thus comply with Henderson Logging's contract with Kooskia Timber. Once Kiele was lined out, Henderson left and Kiele proceeded on his own.

Kiele and Henderson did not discuss the terms by which Kiele would be paid for the road grading work. However, Henderson had previously paid Kiele at the rate of $55 per hour for another road grading project. They did not discuss tax withholding and worker's compensation. In the past Kiele had reported his earnings from operating his equipment on a "Schedule C" tax form and paid the appropriate self-employment tax listing himself as "self employed." After the accident Henderson did not pay Kiele for the short time that he worked, and Kiele never filed a wage claim.

Kiele filed a claim for disability benefits on January 21, 1993. Henderson Logging denied that an employee-employer relationship existed at the time of the accident. Following a hearing the Industrial Commission Referee (the Referee) filed her Findings of Fact, Conclusions of Law, and Proposed Order in which she concluded that Kiele was an employee of Henderson Logging at the time of the accident. The Referee's findings and conclusions were adopted in full by the Industrial Commission. After various supplemental proceedings the Commission concluded that Kiele was totally and permanently disabled and thus entitled to benefits.

## II.

## THE INDUSTRIAL COMMISSION UTILIZED ERRONEOUS EVIDENCE IN ITS CONCLUSION THAT KIELE WAS AN EMPLOYEE AT THE TIME OF THE ACCIDENT WHICH REQUIRES A REMAND

Idaho Code § 72–102 defines employee and independent contractors as follows:

(10) "Employee" is synonymous with "workman" and means any person who has entered into the employment of, or who works under contract of service or apprenticeship with, an employer....

(14) "Independent contractor" means any person who renders service for a specified recompense for a specified result, under the right to control or actual control of his principal as to the result of his work only and not as to the means by which such result is accomplished.

Whether a claimant is an employee or an independent contractor is a factual determination. *Mortimer v. Riviera Apartments,* 122 Idaho 839, 844, 840 P.2d 383, 388 (1992). The Court will not overturn factual findings made by the Commission when those findings are supported by substantial and competent evidence, even if conflicting evidence exists. *Id. See also* Idaho Const. art. 5, § 9; I.C. § 72–732.

The test in determining whether a worker is an independent contractor or an employee is whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results. *Ledesma v. Bergeson,* 99 Idaho 555, 558, 585 P.2d 965, 968 (1978); I.C. § 72–102(14).

Four factors are used to determine whether a right to control exists: 1) direct evidence of the right, 2) method of payment, 3) furnishing major items of equipment, and 4) the right to terminate the relationship at will. *Mortimer,* 122 Idaho at 844, 840 P.2d at 388. When applying the right to control test the Commission must balance each of the elements present to determine their relative weight and importance, since none of the elements in itself is controlling. *Roman v. Horsley,* 120 Idaho 136, 138, 814 P.2d 36, 38 (1991); *In Matter of Hanson,* 114 Idaho 131, 134, 754 P.2d 444, 447 (1988).

When doubt exists as to whether an individual is an employee or an independent contractor under Idaho's Worker's Compensation Act, the act must be given a liberal construction by the Industrial Commission in its fact finding function in favor of finding the relationship of employer and employee. *Mortimer,* 122 Idaho at 845, 840 P.2d at 389; *Olvera v. Del's Auto Body,* 118 Idaho 163, 165, 795 P.2d 862, 864 (1990).

The Referee placed considerable weight upon the terms of the contract between Kooskia Timber, Inc. and Henderson Logging in determining that Kiele was an employee of Henderson Logging, making the following findings:

Under the Kooskia Timber Contract, Henderson had the obligation to provide the equipment, personnel, experience and operating know-how to undertake the logging work set forth in the contract (Exhibit 1, p. 2). The contract presumed that Henderson's personnel would be employees, as inferred by the requirement that Henderson provide workers' compensation insurance for all employees.

The Referee construed the contract to create quasi estoppel to bar Henderson Logging from claiming Kiele was not an employee:

Here, Henderson entered into a contractual agreement with Kooskia Timber knowing that he was to supervise his personnel and provide workers' compensation insurance. He now claims that he did not supervise or control Claimant, which is in violation of his agreement. Likewise, Claimant testified that he assumed he was covered as one of the crew. Claimant *was* one of the crew. To allow Henderson to unilaterally abrogate his duties under the contract at Claimant's expense i[s] inequitable. Henderson did not properly delegate any duties to Claimant under the contract. The Referee finds that Henderson retained the right and duty to control Claimant under the contract and did actually control Claimant by showing him where to grade rather than leaving it up to Claimant's discretion or expertise.

The parties agree that the Referee misconstrued Henderson Logging's contract with Kooskia Timber in concluding that, "the contract presumed that Henderson's personnel would be employees, as inferred by the requirement that Henderson provide worker's compensation insurance for all employees." Using this erroneous conclusion the Referee further concluded that, because Henderson Logging was required to supervise its personnel, Henderson Logging was contractually bound to supervise Kiele. These *misconstructions of the contract* cannot form a basis for the conclusion that Kiele was an employee. The question then is whether absent the Referee's erroneous reliance on the misinterpretation of the contract as direct evidence of Henderson's right to control Kiele's performance there is substantial and competent evidence to support the Commission's conclusion that Kiele was act-

ing in the capacity of an employee of Henderson Logging at the time of the accident. This requires analysis of the four factors set forth in *Mortimer*, 122 Idaho at 844, 840 P.2d at 388.

### A. Direct Evidence of the Right to Control or Exercise of Control

The only direct evidence of Henderson's right to control or exercise of control over Kiele's work cited by the Referee was: (1) Henderson showed Kiele where to grade rather than leaving it up to his discretion or expertise; and (2) Henderson retained primary responsibility for road maintenance and erosion control under the contract with Kooskia Timber.

In *Ledesma*, 99 Idaho at 558, 585 P.2d at 968, this Court held that the right to control the time, manner and method of executing the work is distinguishable from the right merely to require certain definite results. The Referee dismissed *Ledesma* as distinguishable from the present facts based on the misinterpretation of Henderson Logging's contract with Kooskia Timber as limiting Henderson Logging's personnel to employees only, whom the contract required Henderson Logging to supervise. The Referee also concluded that the holding in *Ledesma* is "vague and inconsistent" with *Mortimer* and *Roman*.

The distinction recognized in *Ledesma* between the right to control the time, manner and method of executing the work and the right merely to require certain definite results is not inconsistent with either *Mortimer* or *Roman*. Rather, the distinction has been further clarified by the four-factor test first identified in *Burdick v. Thornton*, 109 Idaho 869, 871, 712 P.2d 570, 572 (1985), which this Court applied in both *Mortimer* and *Roman*. As noted in *Matter of Hanson*, a distinction between the right to control the details of the work and the right to require certain definite results is most often an inference from the four-factor test and other tangible facts rather than a solid fact in itself. 114 Idaho at 133, 754 P.2d at 446.

This Court has specifically held that directions such as where to cut timber, what types of cuts to make, and where to put the cut timber are no more than is necessary to ensure the agreed upon end result and do not require a holding that the relationship was that of an employee-employer. *Sines v. Sines*, 110 Idaho 776, 778, 718 P.2d 1214, 1216 (1986).

### B. Method of Payment

Although Henderson and Kiele did not discuss how Kiele was to be paid for the Maggie Creek road grading work on August 5, 1992, both parties assumed Kiele would be paid $55 per hour, based on previous work Kiele had done for Henderson Logging on the road. The Referee did not give much weight to this factor, other than to note that, although an hourly wage is typical of an employer-employee relationship, it is not conclusive.

### C. Furnishing of Major Items of Equipment

Kiele furnished his own equipment, which is a factor consistent with independent contractor status, and Henderson argues that the rate of pay was consistent with the going rate for an independent contractor who furnishes his own heavy equipment. Kiele testified that he would have charged around $70 per hour if he were covering his own worker's compensation. The Referee noted that the $55 per hour rate of payment was equally consistent with Henderson hiring Kiele as a temporary employee and renting Kiele's grader by the hour and concluded that, like the facts in *Findley v. Flanigan*, 84 Idaho 473, 478, 373 P.2d 551, 554 (1962), the furnishing of equipment in this case was not determinative of independent contractor status. The Commission did not give weight to this factor either way.

### D. The Right to Terminate the Relationship at Will

Only in cases where either party had the right to terminate the relationship at will and without liability has this Court held such evidence to be indicative of an employee-employer relationship. *Ledesma*, 99 Idaho at 559, 585 P.2d at 969. Kiele and Henderson did not discuss the right to termi-

nate, and the Referee found this factor of little weight in determining the issue of employment status.

## IV.

## THE CONCLUSION

When erroneous evidence is considered in arriving at a factual decision, particularly where the ultimate factual issue is close, the case should be remanded to the fact finder to reconsider the factual issue without the erroneous evidence. *Ross v. Fiest,* 105 Idaho 119, 120, 666 P.2d 646, 647 (1983); *see also Bennett v. Clark Hereford Ranch,* 106 Idaho 438, 442, 680 P.2d 539, 543 (1984). The only evidence the Referee found that weighed in favor of finding an employee-employer relationship was that classified under the rubric of direct evidence of the right to control the time, manner, and method of the work performed. Two of the three facts cited as direct evidence are based upon the erroneous interpretation of Henderson Logging's contract with Kooskia Timber. The other fact was that Henderson showed Kiele what work needed to be done. That finding does not require a holding that the relationship was that of employee-employer. *Sines,* 110 Idaho at 778, 718 P.2d at 1216.

The case is remanded to the Commission to reconsider the conclusion that Kiele was an employee of Henderson Logging without consideration of the erroneous interpretation of the Kooskia Timber contract. The appellant is entitled to costs. Neither party is allowed attorney fees.

McDEVITT, C.J., and TROUT and SILAK, JJ., concur.

JOHNSON, Justice, dissents.

I respectfully dissent from the Court's opinion. In my view, there is substantial and competent evidence other than the logging contract supporting the Commission's finding that Kiele was an employee of Henderson. The Court's rejection of the logging contract as evidence to support the Commission's finding does not dictate a remand. It dictates only that we search the record to see if there is other substantial and competent evidence to support the Commission's finding. *Darner v. Southeast Idaho In–Home Serv.,* 122 Idaho 897, 841 P.2d 427 (1992).

I first note that the Court's opinion appears to base its conclusion on the premise that the fact that Henderson showed Kiele what work needed to be done does not require a holding that the relationship was that of employee-employer. This misstates the scope of review that the Court is required to employ. The question is not whether there is evidence that requires a finding that Kiele was an employee of Henderson. Rather, the test is whether there is substantial and competent evidence to support the Commission's finding.

Henderson gave Kiele specific directions about the work Kiele was to do on each particular road. While this might not be enough evidence to convince this Court that Kiele was an employee of Henderson, if this Court were the finder of fact, it constitutes substantial and competent evidence to support the Commission's decision.