108 P.3d 375

**Rudolph SHRINER, Claimant–Appellant,**

v.

**Ron RAUSCH, Employer, Defendant–Respondent.**

No. 30534.

Supreme Court of Idaho, Boise, January 2005 Term.

Feb. 22, 2005.

Davison, Copple, Copple, Copple & Cox, Boise, for claimant-appellant. Edward Joe Guerricabeitia argued.

Ellis, Brown & Sheils, Chtd., Boise, for defendant-respondent. Max M. Shiels, Jr. argued.

SCHROEDER, Chief Justice.

This case is on appeal from the January 30, 2004, order of the Industrial Commission (Commission) determining that Rudolph Shriner (Shriner) was an independent contractor when he performed work for Ron Rausch (Rausch) and, consequently, not a covered employee for workers' compensation purposes. Shriner appeals.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Rausch is a real estate agent who owns and manages various properties for rent to tenants. Rausch frequently entered into partnership-type arrangements with E & H Construction (E & H) in which E & H would act as a general contractor to build residences on Rausch's properties. Rausch usually deeded the property to E & H during construction, and on completion of the project E & H deeded the property back to Rausch. E & H required its subcontractors to carry workers' compensation insurance.

Shriner is a self-employed carpenter with over thirty-nine years of experience. Shriner frequently worked as a subcontractor with E & H on projects when E & H partnered with Rausch. Shriner had never worked directly for Rausch prior to the work involved in this case.

At one time, Rausch owned the townhouses located at 1429, 1431, 1433 and 1435 East Hayes Street in Boise. Rausch intended the townhouse at 1435 East Hayes to be his primary residence. The 1433 townhouse was sold to a buyer and the 1431 and 1429 townhouses were rented to tenants.

Shriner was originally hired as a subcontractor by E & H to construct decks and roofs at the townhouses located at 1433 and 1435 East Hayes Street. Shriner completed the work, was paid in full, and was provided a 1099 tax form from Eric Holtz (Holtz), owner of E & H. Rausch needed to replace the decks at the 1431 and 1429 townhouses as a consequence of modifications required by Boise City. Rausch asked Holtz if Holtz knew anyone who could perform this work. Holtz recommended Shriner.

Rausch asked Shriner if he could perform the work on the decks. Shriner told Rausch that he was unable to make the calculations necessary to construct the decks. Rausch provided Shriner with engineering plans for the decks. Shriner and Rausch agreed to a flat fee of $820.00 for Shriner's labor. Rausch agreed to supply the materials. Shriner used his own tools to perform the work.

While working on the deck, a ladder came out from underneath Shriner who fell and was injured. Shriner did complete the work on the deck and was paid in full. No taxes were withheld from the payment to Shriner. Neither Rausch nor Shriner carried workers' compensation insurance.

Shriner filed a workers' compensation claim. Rausch denied the claim. A referee conducted a hearing and determined that Shriner was an independent contractor and, consequently, not a covered employee for workers' compensation purposes. The Commission adopted the referee's proposed findings of facts and conclusions of law. Shriner appealed.

## II.

## THERE IS SUBSTANTIAL, COMPETENT EVIDENCE TO SUPPORT THE CONCLUSION THAT RAUSCH WAS AN INDEPENDENT CONTRACTOR WHEN HE WAS INJURED

Shriner argues that Rausch is a statutory employer pursuant to Idaho Code § 72–102(12)(a), relying on *Runcorn v. Shearer Lumber Products, Inc.*, 107 Idaho 389, 690 P.2d 324 (1984), which discussed the definition of a statutory employer under former I.C. § 72–102(10), and *Dewey v. Merrill*, 124 Idaho 201, 858 P.2d 740 (1993). Shriner maintains that Rausch was a statutory employer under I.C. § 72–102(12)(a) and as such was required to maintain workers' compensation insurance. Shriner further claims that Rausch's arrangements with E & H construction were an attempt to circumvent

the requirements of the workers' compensation statutes.

The underlying principle of Idaho workers' compensation law is the existence of an employer-employee relationship. Without that relationship, there is no coverage. Rausch maintains that at all times relevant to this case Shriner was an independent contractor hired by Rausch on a one-time basis to perform specific work on the decks.

## A. Standard of Review

The standard of review to be applied by this Court in reviewing an appeal from a decision of the Industrial Commission is set forth in Idaho Code § 72–732. I.C. § 72–732 provides that:

> Upon hearing the court may affirm or set aside such order or award, or may set it aside only upon any of the following grounds: (1) the commission's findings of fact are not based on any substantial competent evidence; (2) the commission has acted without jurisdiction or in excess of its powers; (3) the findings of fact, order or award were procured by fraud; (4) the findings of fact do not as a matter of law support the order or award.

I.C. § 72–732 (1999).

"Whether an injured worker is an independent contractor or employee is a factual determination to be made on a case-by-case basis from full consideration of the facts and circumstances." *Stoica v. Pocol,* 136 Idaho 661, 663, 39 P.3d 601, 603 (2001). This Court exercises free review over the Commission's conclusions of law, while the Commission's factual findings will be upheld if they are supported by substantial and competent evidence. *Stewart v. Sun Valley Co.,* 140 Idaho 381, 384, 94 P.3d 686, 689 (2004).

## B. There is substantial competent evidence to support the determination that Shriner was an independent contractor and not a covered employee for workers' compensation purposes.

Idaho Code § 72–102 defines "employee" and "independent contractor." I.C. § 72–102(2004). Subsection (11) states that "'employee' is synonymous with 'workman' and means any person who has entered into the employment of, or who works under contract of service or apprenticeship with, an employer." I.C. § 72–102(11). Subsection (16) states that "independent contractor' means any person who renders service for a specified recompense for a specified result, under the right to control or actual control of his principal as to the result of his work only and not to the means by which such result is accomplished." I.C. § 72–102(16). Coverage under Idaho's workers' compensation laws depends on the existence of an employer-employee relationship. *Livingston v. Ireland Bank,* 128 Idaho 66, 68, 910 P.2d 738, 740 (1995). "The test in determining whether a worker is an independent contractor or an employee is whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results." *Kiele v. Steve Henderson Logging,* 127 Idaho 681, 683, 905 P.2d 82, 84 (1995). This Court uses a four-factor test to determine if a worker is an independent contractor or an employee:

> "1) [T]here must be evidence of the employer's right to control the employee; 2) the method of payment, *i.e.,* whether the employer withholds taxes; 3) whether the master or servant furnishes major items of equipment; and 4) whether either party has the right to terminate the relationship at will, or whether one is liable to the other in the event of a preemptory termination."

*Livingston,* 128 Idaho at 69, 910 P.2d at 741 (citing *Mortimer v. Riviera Apartments,* 122 Idaho 839, 844, 840 P.2d 383, 388 (1992)). This is a balancing test, and the Commission must determine the relative importance of each factor. *Id.; Kiele,* 127 Idaho at 683, 905 P.2d at 84.

### 1) *Direct Evidence of the Right to Control*

The Commission determined that this factor supported a finding that Shriner was an independent contractor. The Commission noted that the only evidence supporting a finding of an employer-employee relationship

was that Shriner was given engineering plans describing how the work was to be performed on the decks. Shriner is an experienced carpenter, while Rausch is not. Shriner worked on the days he wanted to work and for the number of hours he wanted to work. Rausch and Shriner's agreement concerning the end result of the work is insufficient to support a finding that Shriner was Rausch's employee. I.C. 72–102(16); *Kiele*, 127 Idaho at 684, 905 P.2d at 85. Substantial evidence supports the Commission's determination that this factor indicated that Shriner was an independent contractor.

### 2) *Method of Payment*

Shriner was paid an agreed upon sum to complete the deck work and no taxes were withheld from Shriner's check. The Commission determined that this supported the determination that Shriner was an independent contractor. *Livingston*, 128 Idaho at 69–70, 910 P.2d at 741–42.

### 3) *Furnishing Major Items of Equipment*

Shriner used his own tools to complete the work. The Commission found that this supported the determination that Shriner was an independent contractor. The Commission's determination is support by substantial and competent evidence. *Id.; Kiele*, 127 Idaho at 684, 905 P.2d at 85.

### 4) *The Right to Terminate the Relationship at Will*

This Court has noted that, "[o]nly in cases where either party had the right to terminate the relationship at will and without liability has this Court held such evidence to be indicative of an employee-employer relationship." *Id.* at 684, 905 P.2d at 85 (citing *Ledesma v. Bergeson*, 99 Idaho 555, 559, 585 P.2d 965, 969 (1978)). There is no evidence in the record indicating that a party would be liable if the relationship were terminated prematurely. This factor does not weigh in favor of either party.

There is substantial and competent evidence supporting the Commission's determination that Shriner was an independent contractor in his relationship with Rausch on the

projects at issue. The relationship of Rausch and E & H on other business dealings does not change the result in this case. As such, he is not a covered employee under the workers' compensation statutes.

### III.

### RAUSCH IS NOT ENTITLED TO HIS ATTORNEY FEES ON APPEAL

■ Rausch seeks attorney fees on appeal pursuant to Idaho Appellate Rule (I.A.R.) 11.1, which states the following:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

I.A.R. 11.1 (2004).

In *Painter v. Potlatch Corp.*, 138 Idaho 309, 315, 63 P.3d 435, 441 (2003), this Court considered whether attorney fees under I.A.R. 11.1 should be awarded to the respondent in an appeal from a decision of the Industrial Commission. This Court noted that the claimant/appellant's appeal was based on "dubious" factual and legal arguments, "none that might in good faith call for change or adjustment in existing law." *Id.* However, the Court noted that a lack of legal or factual grounds for an appeal, alone, was not enough to support an award of fees. *Id.* The appeal must also be brought for an improper purpose. *Id.* The Court refused to award attorney fees, finding that, "[t]here is ... no persuasive indication that [claimant's attorney] or his client interposed this appeal for an improper purpose." *Id.*

The Court has not accepted the argument that Rausch was liable for workers' compensation benefits to Shriner on a "statutory employer" theory, but there is no basis to

believe that there was an improper purpose in bringing this appeal. Rausch's request for attorney fees on appeal is denied.

### IV.

### CONCLUSION

The Commission's determination that Shriner was an independent contractor of Rausch at all times relevant to this appeal is supported by substantial and competent evidence. The decision of the Commission is affirmed. Rausch is awarded costs. No attorney fees are allowed.

Justices BURDICK and JONES and Pro Tem Justice REINHARDT concur.

Justice EISMANN, Specially Concurring.

I fully concur in the majority opinion, but write only to address Shriner's claim that Rausch was his statutory employer. Idaho Code § 72–102(12) defines who is a "statutory employer." Under that definition, an employer "includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed." In support of his contention that Rausch was his statutory employer, Shriner emphasizes language from our opinion in *Runcorn v. Shearer Lumber Products, Inc.*, 107 Idaho 389, 393, 690 P.2d 324, 328 (1984), wherein we stated, "The definition [of statutory employer] includes the direct employer/subcontractor, a contractor over the subcontractor, and a qualifying proprietor or operator of a business over the contractor." Shriner omits the immediately following passage from the opinion, which explains why Rausch does not qualify as Shriner's statutory employer. "This does *not* mean that the qualifying proprietor or operator is the statutory employer of the contractor and subcontractor; it *does* mean that the qualifying proprietor or operator is the 'employer' of the contractor's and subcontractor's *employees,* and the contractor is also an 'employer' of the subcontractor's *employees.*" *Id.* (emphasis in original). A person must first be an employee before he or she can have a statutory employer. Because Shriner is not an employee of a direct employer, Rausch cannot be his statutory employer.